NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ALLEN JONATHAN MUNOZ, *Appellant.*

No. 1 CA-CR 22-0334
FILED 3-23-2023

Appeal from the Superior Court in Mohave County
No. S8015CR202100240
The Honorable Billy K. Sipe, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Jill L. Evans, Flagstaff
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Randall M. Howe and Judge Anni Hill Foster joined.

---

**T H U M M A**, Judge:

¶1        This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for defendant Allen Jonathan Munoz has advised the court that, after searching the entire record, no arguable question of law was identified and asks this court to conduct an *Anders* review of the record. Munoz was given the opportunity to file a self-represented supplemental brief, but has not done so. This court has reviewed the record and found no reversible error. *Leon*, 104 Ariz. at 300; *State v. Clark*, 196 Ariz. 530, 537 ¶ 30 (App. 1999). Accordingly, Munoz' convictions of three counts of sexual conduct with a minor and resulting prison sentences are affirmed.

**FACTS AND PROCEDURAL HISTORY**

¶2        In early 2021, the victim, then 15-years-old, told her mother than she had engaged in oral sex and sexual intercourse with Munoz, then 31-years-old, in late 2020 in the vicinity of Lake Havasu City, Arizona. Her mother contacted the police, who conducted a forensic interview with the victim and arranged for a confrontation call between the victim and Munoz. During the call, Munoz stated that he wanted to engage in further sexual conduct with the victim. Munoz was arrested and charged with six counts of sexual assault, Class 2 felonies, and six counts of sexual conduct with a minor, Class 6 felonies.

¶3        At trial, the victim testified to the circumstances surrounding each of the alleged incidents. The victim explained that the incidents started when Munoz promised to help the victim get in contact with his brother. Two police officers also testified to the circumstances around the confrontation call as well as evidence obtained from Munoz' cellphone. After the State rested, Munoz successfully moved for judgment of acquittal on four of the six counts of sexual assault. *See* Ariz. R. Crim. P. 20.

**¶4**        Munoz then elected to testify, denying the accusations and explaining that he was working during the confrontation call and did not hear the victim clearly. Munoz' mother also testified in Munoz' defense explaining that one of the alleged incidents could not have occurred because the victim was helping her move things from her apartment at the time and could not have been alone with Munoz. A 12-person jury found Munoz guilty on three counts of sexual conduct with a minor, and not guilty on three counts of sexual conduct with a minor and two counts of sexual assault.  The jury also found that the victim had suffered physical, emotional, or financial harm as to each of the guilty counts.

**¶5**        After considering a timely presentence report as well as mitigating and aggravating factors, the court noted the aggravating circumstance of physical, emotional, or financial harm found by the jury and stated that "the aggravating circumstance controls." The court sentenced Munoz to the statutory maximum of 1.5 years for each of the three sexual conduct with a minor convictions, to run consecutively. Munoz was given credit for 63 days for the time he had already served in custody.

**¶6**        This court has jurisdiction over Munoz' timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes sections 12-120.21(A)(1), 13-4031 and 13-4033(A) (2023).

## DISCUSSION

**¶7**        The record shows that Munoz was represented by counsel at all stages of the proceedings and that counsel was present at all critical stages. The court properly instructed the 12-person jury on the elements of the charged offenses, the State's burden of proof, Munoz' presumption of innocence and other applicable law. The record contains substantial evidence supporting the verdict. The sentences imposed were within statutory limits. The award of presentence incarceration credit was accurate. And in all other respects, from the record presented, all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure.

## CONCLUSION

**¶8**        This court has read and considered counsel's brief and has searched the record provided for reversible error and has found none. *Leon*, 104 Ariz. at 300; *Clark*, 196 Ariz. at 537 ¶ 30. Accordingly, Munoz' convictions and resulting sentences are affirmed.

**¶9**      Upon the filing of this decision, defense counsel is directed to inform Munoz of the status of his appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Munoz shall have 30 days from the date of this decision to proceed, if he desires, with a pro se motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:   AA